## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Marcus Kwamena Benson,

                Petitioner,

Case No. 15-cv-2334 (MJD/SER)

v.

**REPORT AND RECOMMENDATION**

Denese Wilson,

                Respondent.

---

Marcus Kwamena Benson, *Pro Se*, 14120-041, Washington, Missouri.

Ana H. Voss, D. Gerald Wilhelm, and David W. Fuller, Esqs., United States Attorney's Office, Minneapolis, Minnesota.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Marcus Kwamena Benson's ("Benson") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. [Doc. No. 1]. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends dismissing the Petition.

## I.    FACTUAL BACKGROUND[1]

---

[1]     Benson's filings are extensive. *See generally United States v. Benson*, No. 14-2329 (8th Cir., filed June 5, 2014); *United States v. Benson*, No. 12-1314 (8th Cir., filed Feb. 7, 2012); *United States v. Benson*, No. 08-cr-00280 (DSD/FLN) (D. Minn., filed Sept. 15, 2008); *see also* (Resp. to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241) [Doc. No. 8 at 3–5] (detailing additional filings not relevant for the Court's analysis in the instant case). For the purposes of this Report and Recommendation, the Court describes only the relevant portions of the related cases necessary for the analysis for Benson's Petition.

Benson is currently an inmate at the Adams County Correctional Center in Natchez, Mississippi ("Adams"),[2] where

> [he] is serving an aggregated 144-month term of imprisonment for (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, (2) aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 2[,] 1344, (3) aiding and abetting access device fraud, possession of unauthorized access devices, and possession of device-making equipment, in violation of 18 U.S.C. §§ 2[,] 1029(a)(2)–(4), (4) possession of document making implements, in violation of 18 U.S.C § 1028(a)(5), and [(5)] aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 2[,] 1028A.

(Decl. of Joseph Jarvis, "Jarvis Decl.") [Doc. No. 9 ¶ 3]; *see also* (Ex. A, Attached to Jarvis Decl.) [Doc. No. 9-1 at 2].[3] Following a jury trial, the Honorable David S. Doty sentenced Benson. Am. Sentencing J., *United States v. Benson*, No. 08-cr-280 (DSD/FLN) [Doc. No. 135]. Benson's projected release date, taking into account good conduct time ("GCT"), is November 28, 2021. (Jarvis Decl. ¶ 3); *see also* (Ex. A, Attached to Jarvis Decl. at 1–2). Benson is a citizen of Ghana and was assigned a Public Safety Factor of Deportable Alien.[4] (Jarvis Decl. ¶ 5).

Benson filed a notice of appeal on February 7, 2012, alleging that his sentence was unreasonable. Notice of Appeal, *United States v. Benson*, No. 08-cr-280 (DSD/FLN) [Doc. No. 137]; *see also United States v. Benson*, 496 F. App'x 688 (8th Cir. 2013) (per curiam). Pending his appeal, Benson arrived at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"), on February 28, 2012. (Jarvis Decl. ¶ 4); *see also* (Ex. B, Attached to Jarvis Decl. at

---

[2]     *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Oct. 13, 2016) (search for BOP Register Number 14120-041).

[3]     Exhibits A thru D were filed collectively as Doc. No. 9-1 in CM/ECF. As such, when the Court refers to these exhibits, the CM/ECF assigned pagination will be used.

[4]     A Public Safety Factor is a classification system used to ensure the placement of "each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society." U.S. Dep't of Justice, Fed. Bureau of Prisons, *Program Statement P5100.08: Inmate Sec. Designation & Custody Classification* 1 (2006), https://www.bop.gov/policy/progstat/5100_008.pdf. The classification of deportable alien is for an "inmate who is not a citizen of the United States." *Id.* ch. 5, at 9.

7). On January 10, 2013, the Eighth Circuit affirmed Benson's sentence. *See United States v. Benson*, 496 F. App'x at 689. On July 18, 2013, Benson filed a motion to vacate the Eighth Circuit's decision pursuant to 28 U.S.C. § 2255. *See* Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate"), *United States v. Benson*, No. 08-cr-280 (DSD/FLN) [Doc. No. 173]. On April 16, 2014, Judge Doty denied Benson's Motion to Vacate. *See United States v. Benson*, No. 08-cr-280 (DSD/FLN), 2014 WL 1478438 (D. Minn. Apr. 16, 2014). On June 5, 2014, Benson appealed that decision. *See* Notice of Appeal, *United States v. Benson*, No. 08-cr-280 (DSD/FLN) [Doc. No. 194]. On April 7, 2015, the Eighth Circuit denied the certificate of appealability and dismissed the appeal. *See* Judgement, *United States v. Benson*, No. 08-cr-280 (DSD/FLN) [Doc. No. 215].

Around the time of Benson's fillings detailed above—and because of his status as a deportable alien—the Federal Bureau of Prisons ("BOP") made Benson available for an immigration hearing to determine whether Benson would be deported upon completion of his sentence.[5] (Jarvis Decl. ¶ 7); *see also* (Ex. C, Attached to Jarvis Decl. at 9). To facilitate the immigration hearing, the staff at FCI Sandstone submitted a Request for Transfer in November 2014, recommending Benson's transfer to any appropriate contract hearing site facility. (Jarvis Decl. ¶ 7); *see also* (Ex. C, Attached to Jarvis Decl. at 9).

Pursuant to the Request for Transfer, Benson was designated to be sent to Adams. (Jarvis Decl. ¶¶ 7–8); *see also* (Ex. D, Attached to Jarvis Decl. at 11). When Benson was designated, the U.S. Attorney's Office for the District of Minnesota ("U.S. Attorney's Office") informed Joseph

---

[5]     The BOP works in concert with Immigration and Customs Enforcement ("ICE") and the Executive Office for Immigration Review ("EOIR") to "provide deportation, exclusion, or removal proceedings to sentenced aliens." U.S. Dep't of Justice, Fed. Bureau of Prisons, *Program Statement 5111.04: Institution Hearing Program* (2006), https://www.bop.gov/policy/progstat/5111_004.pdf.

Jarvis ("Jarvis"), a Unit Manager at the FCI Sandstone, that Benson had a pending appeal stemming from Benson's Motion to Vacate. (Jarvis Decl. ¶¶ 1, 9). In response, Jarvis placed a hold on Benson's transfer. (*Id.* ¶ 9).

On April 17, 2015, the U.S. Attorney's Office notified Jarvis that the court of appeals had dismissed Benson's appeal. *See* (*id.* ¶ 10). Jarvis then "reinitiated the transfer process" and scheduled Benson's transfer to Adams for May 6, 2015. (*Id.*). On May 4, 2015, Benson filed his Petition in the instant case. (Pet. at 1). On May 5, 2015, Benson notified Jarvis of his "ongoing appeal." (Jarvis Decl. ¶ 11). Jarvis "consulted with the [BOP] attorney who [oversaw] FCI Sandstone and was informed that inmate Benson's appeal had been dismissed on April 7, 2015." (*Id.*). Benson was transferred from FCI Sandstone as scheduled and has been housed at Federal Correctional Institutions in Oxford, Wisconsin; Terre Haute, Indiana; and a Federal Transfer Center in Oklahoma City, Oklahoma, before finally arriving at Adams. (*Id.* ¶ 12).[6]

Benson seeks habeas relief pursuant to 28 U.S.C. § 2241. He alleges a due process violation and seeks injunctive relief prohibiting transfer because Benson alleges that transfer from the jurisdiction of the Eighth Circuit will "adversely hinder [his] ability to continue with [his] appeal."[7] (Pet. at 3).

## II.   DISCUSSION

### A.   Legal Standard

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).

---

[6]   *See also Inmate Locator*, *supra* note 2 (indicating that Benson is now incarcerated at Adams).

[7]   Benson's Petition alleges two "grounds," although the second ground does not allege a Constitutional violation and is instead requesting injunctive relief as a particular remedy for the first ground. (Pet. at 3).

But writs of habeas corpus "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).

As a general matter, claims under 28 U.S.C. § 2241 are improper if they challenge the conditions of the prisoner's confinement and **not** the fact or duration of the confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 488–90 (1973); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *see also Shinault v. Roal*, No. 10-cv-3575 (MJD/FLN), 2010 WL 3926874, at *2 (D. Minn. Oct. 1, 2010) (Davis, J.) (concluding "that the most reasonable interpretation of Eighth Circuit precedent is that a federal prisoner's challenge to his [condition of confinement] cannot be asserted in a § 2241 habeas petition because he does not attack the fact or duration of his confinement").

B.      **Analysis**

1.      **Subject Matter Jurisdiction**

Benson's Petition must be construed liberally. *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014); *Papantony v. Hedrick*, 215 F.3d 863 (8th Cir. 2000) (per curiam); *Young v. Armontrout*, 795 F.2d 55 (8th Cir. 1986). In so doing, the Court finds there is nothing asserted in the Petition that suggests a claim related to the fact or duration of Benson's confinement. *See generally* (Pet.). For example, support for Benson's due process claim is that he will "be transferred [from] this jurisdiction while [he] is in the process of appealing an order." (*Id.* at 3). Similarly, Benson is seeking "[i]njunctive [r]elief against transfer," because "[t]ransfer from this jurisdiction will adversely hinder [his] ability to continue with [his] appeal." (*Id.*). Benson alleges no other grounds and provides no other support for his Petition. *See* (*id.* at 2–3). As a result, there is nothing in Benson's Petition to suggest that he is asking to be released or for a reduction in his sentence. The only plausible interpretation of Benson's petition, therefore, is that

Benson is using his Petition to challenge the condition of his confinement by seeking a court order addressing the location of his confinement.

As a result, the Court recommends that Benson's Petition be dismissed "for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *See Kruger*, 77 F.3d at 1073.

### 2.   Evidentiary Hearing

As detailed above, Benson's Petition does not allege claims for which this Court has subject matter jurisdiction. The allegations in Benson's Petition—even if assumed true—would, therefore, not entitle him to habeas relief. As a result, an evidentiary hearing is not necessary. *See Francis v. Fabian*, 669 F.Supp.2d 970, 978 (D. Minn. 2009) (Boylan, Mag. J., as adopted by Frank, J.) ("If the facts a petitioner seeks to prove would not entitle him to habeas relief, then an evidentiary hearing need not be granted." (citing *Johnston v. Luebbers*, 288 F.3d 1048, 1059 (8th Cir. 2002))); *see also Urquhart v. Lockhart,* 726 F.2d 1316, 1318–19 (8th Cir. 1984) ("A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." (citing *Wallace v. Lockhart,* 701 F.2d 719, 730 (8th Cir. 1983))).[8]

## III.   RECOMMENDATION

---

[8]   Because the Court recommends dismissal for lack of subject matter jurisdiction, the Court makes no recommendation as to the mootness of Benson's claims. Nevertheless, the Court does note that none of Benson's claims are "live."  Benson's appeal was denied*, see generally* Judgement, *United States v. Benson*, No. 08-cr-280 (DSD/FLN) [Doc. No. 215]. Also, the transfer for which Benson sought injunctive relief has occurred. (Admin. R. ¶ 12). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.* 133 S. Ct. 721, 726 (2013) (internal quotation marks omitted).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Benson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] and this action be **DISMISSED without prejudice**.

Dated: October, 17 2016

*s/ Steven E. Rau*

Steven E. Rau
United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.